L. F. ROBERTSON & SONS v. THE UNITED STATES CREDIT. SYSTEM COMPANY.

An insurance against loss, in a certain ratio, resulting from sales on credit, containing a stipulation that only losses incurred by sales to persons whose capital as well as credit was rated in " Bradstreets," should be taken into the account—*Held*, that a loss of the kind mentioned, accruing from the failure of a corporate customer, was not within the insurance, as the capital of corporations was not rated in " Bradstreets."

---

On rule to show cause.

This action was founded on an agreement to insure against losses arising from sales on credit.

The pertinent provisions of the policy were these : "And for said consideration, the said U. S. Credit System Company guarantees, covenants and agrees that if the said L. F. Robertson & Sons should, by reason of the ascertained insolvency of any debtor or debtors, who owe such debt or debts for merchandise sold and delivered during said period, under the credit system of said company, as hereinafter mentioned, or by reason of any uncollectible judgment or judgments that

he or they may have obtained for the sum or sums of money due for merchandise sold and delivered as aforesaid, have net losses in excess of three-fourths of one per cent. on their total gross sales and shipments made during the above-limited period, to pay such excess loss, not exceeding ten thousand dollars, less the deductions, and subject to the terms and conditions hereinafter named."

Among the terms and conditions are the following, viz.:

*First.* That no credit which may have been given to any party or parties shall be included in the calculation of losses unless he or they were rated in Bradstreets' Mercantile Agency, in the latest book issued by it at the time of shipping the goods, and that no special or other report was received by said L. F. Robertson & Sons detrimentally changing the same. And in case any change has occurred, subsequent sales and shipments shall be considered to have been made in accordance with such change.

*Second.* No credit is covered by this certificate unless the debtor or debtors had one of the following capital and credit ratings in the latest mercantile agency book of the Bradstreets company at the time of shipping the goods.

Losses on parties rated as above shall not be included in the calculation of losses for more than twenty-five per cent. of the lowest capital rating, and no account against any debtor for more than $10,000.

A verdict having been given for the plaintiffs, the present rule to show cause was granted.

Argued at February Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiffs, *J. Frank Fort.*

For the defendant, *John R. Emery.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiffs, L. F. Robertson & Sons, have brought this action on a policy of insur-

ance issued to them by the defendant, the subject of insurance being thus stated in the instrument, viz. : "Net losses in excess of three-quarters of one per cent. on the total of gross sales and shipments made during the period for which this policy was issued, not exceeding ten thousand dollars."

By reason of the failure of a certain corporation entitled "The Pusey & Scott Company," to which a large amount of goods had been sold on credit, the plaintiffs sustained a loss, and as a compensation for which the present verdict was rendered.

The only question which, at present, it is necessary to decide is whether this loss thus indicated be one for which the defendant is responsible.

Upon referring to the extracts from the policy prefixed to this opinion, it will be perceived that the defendant does not undertake to guarantee the plaintiffs against losses sustained by reason of the insolvency of persons of every class to whom they may have sold goods on credit; but, contrariwise, such responsibility is in express terms limited to losses resulting from trust reposed in a certain class of purchasers. In the body of the policy the objection assumed is thus expressed, with respect to the subject insured—that is to say, to pay losses "in a certain ratio, which the assured may sustain in consequence of the ascertained insolvency of any debtor or debtors who owe such debt or debts for merchandise sold and delivered during said period under the credit system of said company, as hereinafter mentioned." Consequently it is only certain described losses that the plaintiffs are to be indemnified for, viz., for debts due for merchandise sold under the credit system of the insurer, and what such debts are plainly appears among the subsequent terms of the policy, it being therein stated "that no credit which may have been given to any party or parties shall be included in the calculation of losses, unless he or they were rated in Bradstreets' Mercantile Agency in the latest book," &c. A further condition is expressed in these terms, viz. : "No credit is covered by this certificate unless the debtor or debtors had one of the following

*capital and credit ratings* in the latest mercantile agency book of the Bradstreets company at the time of shipping the goods."

From the evidence, it appeared at the trial that at the time in question there was no *rating* of the capital of corporations, the practice being to insert the capital paid in without appraising it.

In view of such terms as these, it is not perceived how these plaintiffs can legally claim from the defendant recompense for the loss sustained in the manner above stated. Selling merchandise to a corporation, the plaintiffs must have been aware that they made such sales exclusively at their own risk, for, in plain terms, their policy informed them that to implicate the insurer they must give credit only to persons whose *capital* was *rated* in "Bradstreets." They are chargeable with such knowledge, and also with the fact that a corporation had no such rating with respect to its capital. It would be irrational to say that to state the amount of capital paid in was to rate it, for, obviously, it might have been lost, in whole or in part. The stipulation in question, that the plaintiffs should deal only with those whose capital as well as whose credit was rated, was neither unfair nor unreasonable, and the insurer had a right to require that its guarantee should not extend to losses because of the failure of persons whose capital was not estimated by Bradstreets.

There is also another reason why the provision in question cannot be eliminated without doing palpable injustice to the insurer. There is a stipulation in the policy that losses on parties rated "shall not be included in the calculation of losses for more than twenty-five per cent. of the lowest capital rating," and it is therefore evident that to discard the requirement that credit is to be given only to persons whose capital is rated would be to deprive the insurer of the limitation of the responsibility contained in the clause just recited.

For these reasons we think the plaintiffs should have been nonsuited at the trial.